## In re Walker

John H. Dando, for respondent; B. W. Davis, for petitioners.

VALENTINE, J., September 12, 1932.—This is a rule upon Joseph A. Walker, Supervisor of Wright Township, to show cause why his office should not be declared vacant and another appointed in his stead.

The petition upon which the rule is based was presented pursuant to section 192 of The General Township Act of July 14, 1917, P. L. 840, which provides:

"If any township officer in any township of the first or second class refuses or neglects to perform his duties, the court of quarter sessions, upon complaint in writing by twenty-five citizens, owners of real estate residing in the township or district, may issue a rule upon such officer to show cause why his office should not be declared vacant and another appointed in his stead. Such rule shall be made returnable not less than two weeks from its date of issue. Upon hearing, and proof that the facts alleged in the complaint are true, the court may declare the office vacant and appoint another in his stead, to hold office during the term of the officer deposed."

Concededly respondent attended no meetings of the board of supervisors from August 7, 1930, until March 1932, when testimony on this application was heard. The petitioners contend that respondent's action in so absenting himself constitutes a failure to perform his official duties and justifies his removal from office. Respondent answers this contention by asserting that section 231 of The General Township Act designates the place for the meeting of the supervisors as "the place where the auditors of the township meet to perform their duties;" that most of the meetings not attended by the respondent were held at the home of one of the supervisors, an improper place; and that respondent was not guilty of neglect of duty in not attending such meetings.

We think that the provision of the above section of the code applies only to organization meetings which are held "on the first Monday in December of each year" and does not prohibit the supervisors from providing that meetings of the board, other than organization meetings, shall be held at a different place. By proper resolution the board provided that regular monthly meetings

should be held on the first Monday of each month at 7.30 p. m., at the home of John Dula, one of the supervisors. Respondent not only absented himself from the meetings held at Dula's home, but failed to attend the organization meetings held pursuant to the provision of the code.

We cannot conclude that the fact that the respondent disagreed with one or both of his associates was a justification for absenting himself from the meetings. Citizens and taxpayers have a right to demand that public officials perform their duties. No service is rendered by an official who fails or refuses to attend the meetings of the body of which he is a member. If unwilling to attend, he should relinquish his office. We conclude that the action of the respondent in this respect constitutes a neglect of duty within the statute and justifies his removal regardless of the other reasons urged, upon which we do not pass.

The rule against Joseph A. Walker, supervisor, to show cause why his office should not be declared vacant and another appointed in his stead is made absolute, and said office is declared vacant.

From Frank P. Slattery, Wilkes-Barre, Pa.